490 So.2d 1061 (1986)
Willie B. RHODES, Jr., Appellant,
v.
Lawson L. LAMAR, Etc., Appellee.
No. 85-1294.
District Court of Appeal of Florida, Fifth District.
July 3, 1986.
Darrell F. Carpenter, of Wells, Gattis, Hallowes and Carpenter, P.A., Orlando, for appellant.
G. Yates Rumbley, of Pitts, Eubanks, Hannah, Hilyard and Marsee, P.A., Orlando, for appellee.
ORFINGER, Judge.
Appellant appeals from a summary judgment in favor of Orange County and Lawson Lamar, as Sheriff of Orange County. The appellant was injured when the automobile he was operating was struck by a motor vehicle operated by John Robert Grosse, who at the time was being pursued by a marked patrol unit of the Orange County Sheriff's department after he apparently deliberately attempted to hit a deputy with his car. Except for pursuit conducted with blue lights and siren on, the sheriff's vehicle was not otherwise involved in the collision and was a considerable distance from the crash site when the collision occurred. The trial court granted summary judgment in favor of defendants on the theory of sovereign immunity. We affirm.
The appellant concedes the record does not disclose any negligent operation by the deputies of their patrol car, but *1062 asserts that they were negligent in continuing the high speed chase through a heavily traveled area. Appellant does not question the right of the deputies to apprehend Grosse; only that they were negligent in attempting to apprehend him through high speed pursuit on busy streets. The supreme court considered and rejected a similar argument in City of Miami v. Horne, 198 So.2d 10 (Fla. 1967), holding:
The rule governing the conduct of police in pursuit of an escaping offender is that he must operate his car with due care and, in doing so, he is not responsible for the acts of the offender. Although pursuit may contribute to the reckless driving of the pursued, the officer is not obligated to allow him to escape. [Footnote omitted].
Id. at 13. We see no reason for a different holding here.
Appellant argues that section 768.28, Florida Statutes (1985), the waiver of sovereign immunity act, makes Horne inapplicable to the facts of this case, but we do not agree. The decision to institute pursuit of a lawbreaker is a discretionary, planning level decision for which the Sheriff enjoyed sovereign immunity. This has been made clear by the recent decisions of the supreme court. In Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), the court held:
How a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care. This discretionary power to enforce compliance with the law, as well as the authority to protect the public safety, is most notably reflected in the discretionary power given to judges, prosecutors, arresting officers, and other law enforcement officials ...
* * * * * *
The lack of a common law duty for exercising a discretionary police power function must, however, be distinguished from existing common law duties of care applicable to the same officials or employees in the operation of motor vehicles or the handling of firearms during the course of their employment to enforce compliance with the law. In these latter circumstances there always has been a common law duty of care and the waiver of sovereign immunity now allows actions against all governmental entities for violations of those duties of care. [Citation omitted].
Id. at 919, 920. See also Everton v. Willard, 468 So.2d 936, 938 (Fla. 1985) ["There has never been a common law duty of care owed to an individual with respect to the discretionary judgmental power granted a police officer to make an arrest and to enforce the law."].
There is no allegation nor showing here that the injury to appellant was proximately caused or contributed to by the negligent acts of the deputies in the operation of their motor vehicles. Appellant's cause of action rests solely and completely on the fact of pursuit, which is a discretionary, judgmental decision by the officer protected by the doctrine of sovereign immunity.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.